Deaderick, C. J.,
delivered the opinion of the court:
The hill in this case w'as filed in the chancery court of Crockett county, to enjoin the defendant, a constable of said county, from holding an election in the town of Bell-ville, in said county, for mayor and aldermen for said town. It appears that Be-llville was incorporated by an act of the legislature, in 1869. The boundaries of the town were prescribed in the act of incorporation. The hill alleges that the mayor and aldermen of said town, in 1872 or 1873, filed their hill, or petition, in the chancery court in said county of Crockett, against John G-. Cole- et ah, praying, amongst other things, that the charter, or act of incorporation of said town of Be-llville, granted by the legislature of 1869, be altered, amended, and changed, and that the cause, was heard, and by decree, at May term, 1873, it was declared that the terminal limits of the town were incon *731 veniently large, and included the residences of defendants, and that the boundaries of said town should he curtailed. The decree then proceeds to change the boundaries of the town so as to exclude complainant, .and, perhaps, others, from the corporate limits of the town. Complainant’s bill further states that ho is the owner of valuable real estate, situated within the limits of the corporation as defined by the act of 1869, and without the boundaries defined as altered by the decree of May term, 1873, and insist that the last named are the true boundaries of the said town of B'ell-ville.
The bill then complains and charges that the defendant, Thos. Harrell, a constable of said county of Crockett, and of the district within which said town of Bellville is situated, has advertised that he will, on the 20th of April, 1875, open and hold an election for the purpose of electing a board of mayor and aldermen for said town, to fill vacancies occasioned by the resignation of tho old board, and that he will hold said election “under the original charter of said town.”
The bill alleges that if said election is permitted to be held, it will produce confusion, vexatious litigation, and irreparable mischief and injury to complainant and other citizens residing within the territory excluded from the corporate limits of the town, by the decree of 1873, and prays for an injunction to inhibit the holding of said election.
To this bill a demurrer was filed, assigning numerous grounds of demurrer. The chancellor overruled the demurrer, and an appeal was granted def endant. We are of opinion that the bill which seeks to enjoin the election cannot be sustained for such purpose in any aspect of the case. If complainant, as he alleges, is not within the corporate limits of said town, he cannot be aggrieved by a mere holding of the election, and would have no just ground of com *732 plaint, if parties not legally entitled to vote were allowed that, privilege.
If, on the other hand, the corporate limits are unaffected by the decree of 1873, he would be without any cause of complaint.
The mere holding of the election cannot be, in either view, considered ás violative of his rights, or as entitling him to any remedy against the defendant, and as this is the remedy sought by the bill, we are of opinion that the chancellor erred in overruling the demurrer. His decree will be reversed, the demurrer will be sustained, and the bill will be dismissed with costs.